IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| NICHOLAS EDWARD PITTARELLI, ) | |
| Petitioner, ) | Civil Action No. 7:07cv00136 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Norman K. Moon |
| Respondent. ) | United States District Judge |

Petitioner, Nicholas Edward Pittarelli, filed this 28 U.S.C. § 2255 motion challenging the revocation of his supervised release. Pittarelli claims that respondent violated his due process rights by failing to provide certain exculpatory evidence, and that his counsel provided ineffective assistance. Pittarelli was released from custody on March 19, 2007. The court finds that Pittarelli's claim is now moot and therefore dismisses his motion.

I.

On September 17, 1999, Pittarelli pled guilty to wire fraud in the United States District Court for the Northern District of New York. Thereafter, he was sentenced to a term of imprisonment of 21 months, followed by three years of supervised release. On October 8, 2003, the Northern District of New York found Pittarelli in violation of the conditions of his supervised release, and sentenced him to six months imprisonment followed by 27 months of supervised release.

Pursuant to 18 U.S.C. § 3605, the Northern District of New York transferred jurisdiction over Pittarelli to the Western District of Virginia on April 29, 2004, which this court accepted on May 19, 2004. Almost two years later, by judgment entered May 1, 2006, this court found Pittarelli in violation of his conditions of supervised release, and sentenced him to a term of imprisonment of nine months. Pittarelli filed a notice of appeal on May 4, 2006.

On November 27, 2006, Pittarelli filed his first motion pursuant to 28 U.S.C. § 2255 in this court which was dismissed on December 13, 2006 as premature because his appeal was still pending.

The United States Court of Appeals for the Fourth Circuit affirmed this court's judgment revoking Pittarelli's supervised release, by Order effective January 24, 2007.

On March 14, 2007, Pittarelli filed the instant § 2255 motion.[1] Pittarelli was released from custody on March 19, 2007.

## II.

Generally, a case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy the case-or-controversy requirement of Article III of the U.S. Constitution. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002)

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement . . . . Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7 (1998). Unlike a petitioner seeking relief from an original conviction, a petitioner seeking relief from revocation of his supervised release is not entitled to a presumption of collateral consequences satisfying the case-or-controversy requirement of Article III. Id. at 14. Therefore, where a petitioner seeks to challenge the revocation of his supervised release, he must

---

[1] The court received and docketed his motion on March 21, 2007. However, an inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988), Lewis v. Richmond City Police Depot, 947 F.2d 733, 735 (4th Cir. 1991).

demonstrate a concrete, ongoing injury-in-fact, attributable to the revocation. However, where the term of incarceration imposed by the revocation of the supervised release has already expired, a challenge to that revocation becomes moot. Id. at 13-16.

In the instant case, Pittarelli's term of incarceration imposed by the revocation of his supervised release ended when he was released from custody on March 19, 2007. Accordingly, his challenge to the revocation of his supervised release is now moot.

### III.

For the foregoing reasons, the court dismisses Pittarelli's §2255 motion as moot.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

**ENTER**: This 5th day of April, 2007.

United States District Judge

3